## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 12-93 |
| JOHN SABAN, SR., | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

### ORDER OF COURT

AND NOW, this 13th day of May, 2022, upon consideration of pro se Defendant John Saban's Motion for Early Termination of Supervised Release, (Docket No. [891]), the Government's Response in opposition, (Docket No. [896]), and the position of the U.S. Probation Office, which advised that the Probation Office has no reason to object to the Defendant's request, and after careful consideration of the factors set forth in 18 U.S.C. §§ 3583(e)(1) and 3553(a)(1)-(7) in light of *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020),

IT IS HEREBY ORDERED that Defendant's Motion [891] is DENIED, as the Court declines to exercise its discretion and grant early termination of supervised release at this time.

Following the standards set forth in *Melvin*, the Court need not make specific factual findings and it is enough to simply state that the Court has reevaluated the case and Defendant has not demonstrated that early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).   With that said, the relevant section 3553(a) factors in Defendant's case counsel the Court to deny early termination of supervised release at this time.

"The primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them," *United States v. Murray*, 692 F.3d 273, 281 (3d

1

Cir. 2012) (quoting *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011)), and it is this Court's judgment that the 3-year term of supervised release imposed by this Court following the sentence of 60 months' incarceration remains sufficient, but not greater than necessary to facilitate this Defendant's successful reintegration from a significant drug offender to becoming a law-abiding member of society.   *See* 18 U.S.C. § 3553(a).

At the outset, Defendant's supervised release commenced on October 9, 2020 and he has served approximately 1 year and 7 months of the 3-year term of supervised release to date.   It appears that Defendant has made strides towards rehabilitation by maintaining employment and generally adhering to the conditions of release, as the Court has not been advised that he has committed any violations during the period of supervision.   (*See* Crim. No. 12-93, Docket Report).   To that end, the Defendant is now 60 years old.   (*See* PIR).   He tells the Court that he maintains close relationships with his family, including his wife of 38-years and his children and grandchildren who live near him.   (Docket No. 891).   He advises that he is in the process of starting a business which will require him to travel within the tri-state area of Pennsylvania, Ohio and West Virginia.   (*Id*.).   Defendant explains that he is now subject to minimal supervision by the Probation Office, is no longer required to be drug tested and believes that it would be easier on the criminal justice system and himself if he was no longer on supervision.   (*Id*.).   At the same time, he has not presented the Court with any evidence of good works or community activities which benefit others.   (*Id*.).

In this Court's estimation, such factors are outweighed by the seriousness of Defendant's offense conduct which involved his participation in an extensive interstate cocaine trafficking organization for which he was responsible for at least 15 kilograms but less than 50 kilograms of

2

cocaine and a money laundering conspiracy which included $115,000 in cash seized from his residence.   He also pled guilty to possession of a firearm in furtherance of a drug trafficking crime because he was arrested in possession of 1 kilogram of cocaine and a loaded firearm.   As this Court has stated previously, high-volume cocaine trafficking and the utilization of firearms in furtherance of same present considerable dangers to the community given the adverse impact resulting from illegal narcotics and the potential for violence.   *See e.g., United States v. Oliver*, Crim. No. 16-40, 2016 WL 1746853, at *8-9 (W.D. Pa. May 3, 2016) ("the high volume trafficking of these particular types of illegal narcotics [i.e., nearly 100 kilograms of cocaine] presents considerable danger to the community" and "the utilization of firearms in furtherance of drug trafficking poses a significant threat of violence.").   Although Defendant does not have a prior criminal history, the Court feels that there is a continuing need for specific deterrence and to protect the public from any further crimes given the gravity of his offense conduct and the fact that the sentence imposed of 60 months' incarceration and three years' supervised release was significantly below the advisory guidelines range of 135 to 168 months computed by the Probation Office.   *See* 18 U.S.C. § 3553(a)(1)-(7).

All told, the Court does not believe that Defendant's reported self-improvement through his employment efforts and support of his family,[1] while commendable, warrants a reduction in the term of supervised release 17 months prior to its scheduled expiration on October 8, 2023.

---

[1]      The Court notes that one of the co-defendants in this matter, Courtney Wallace, has been in a long-term relationship with this Defendant's daughter, Janel Saban, and they have a teenaged son together.   Wallace pled guilty to conspiracy to distribute 5 kilograms or more of cocaine and was sentenced to 24 months' incarceration and 5 years' supervised release. (Docket No. 554). Wallace was released from BOP custody on October 7, 2015 and did not seek early termination of his 5-year term of supervised release.

The additional matters raised by the defense likewise fail to persuade the Court that terminating supervised release now is appropriate.  To the extent that Defendant desires to engage in a business that he anticipates will require travel between Pennsylvania, Ohio and West Virginia, he should consult with his Probation Officer about the nature of such business and his need for routine travel to those locations for work.  *See e.g., United States v. Brandon Thompson*, Crim. No. 13-125, Docket No. 185 (W.D. Pa. Oct. 7, 2021) (denying motion for defendant who sought early termination of supervised release due to desire to relocate to another district out of state to pursue employment opportunity).  With that said, the Court will consider any proposed amendments to the present conditions of supervised release to account for this new employment opportunity. Finally, Defendant's compliance during the past 19 months may be attributed, at least, in part, with the deterrent effect provided by the conditions of supervised release which have been imposed. *See United States v. Miles*, 2020 WL 4904019, at *3 (W.D.Pa. Aug. 20, 2020) ("[T]he fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.").

For all of these reasons and after weighing the relevant factors, the Court declines to exercise its discretion to order early termination at this time.  *See Melvin*, 978 F.3d at 52-53. Accordingly, Defendant's Motion [891] is DENIED, without prejudice.

<u>*/s Nora Barry Fischer*</u>
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record
         U.S. Probation Office.

4

John Saban
4822 Broad St.
Pittsburgh, PA 15224 (via first class mail)